# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT D. ORR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-1303-CM |
| **ALBERT A. RIEDERER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

Plaintiff brings this removal action, claiming that defendant was negligent, engaged in misconduct, and violated fiduciary duties when he acted as a special master administering and managing the operations and finances of Brooke Capital Corporation. Plaintiff originally filed the action in state court, in Phillips County, Kansas. Defendant removed the action to the District of Kansas, filed in the Wichita office, pursuant to D. Kan. R. 81.1(b). Defendant claims that the issues raised in the complaint have no relation to Wichita, and filed Defendant's Motion to Transfer Venue to the U.S. District Court for the District of Kansas in Kansas City, Kansas (Doc. 4).

## I. Legal Standard

The court is not bound by the parties' requests for place of trial. Upon motion or in its own discretion, the court may determine the place of trial. D. Kan. Rule 40.2(e). Generally, 28 U.S.C. § 1404(a) governs change of venue. But because Kansas constitutes only one judicial district and division, 28 U.S.C. § 1404(a) is technically inapplicable to defendant's request for intra-district transfer. *Smith v. Staffmark Temporary Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007). District of Kansas courts, however, look to the factors set forth in 28 U.S.C. § 1404(a) when considering an intra-district transfer request. *Jones v. Wichita State Univ.*,

No. 06-2131-KHV-GLR, 2007 WL 1173053, at *1 (D. Kan. April 19, 2007). Those factors include "plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Smith*, 2007 WL 2436669, at *1 (quoting 28 U.S.C. § 1404(c)); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Unless these factors weigh strongly in the defendant's favor, the "plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citation omitted); *see also Bauer v. City of De Soto, Kan.*, No. 04-4027-JAR, 2004 WL 2580790, at *1 (D. Kan. Nov. 3, 2004) ("[C]ases are generally not transferred between cities except for the most compelling reasons.") (citation omitted). Defendant, as the party moving to transfer the case, bears the burden of establishing the inconvenience of the existing forum. *Smith*, 2007 WL 2436669, at *1.

**II.     Analysis**

   *A.     Plaintiff's Choice of Forum*

Although the court considers plaintiff's choice of forum, the forum of Wichita is given less weight because it is not plaintiff's place of residence. *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *1 (D. Kan. Mar. 23, 2007). Plaintiff originally filed his state court petition in the county of his residence—Phillips County—but when defendant removed the case, defendant removed it to Wichita. Defendant argues that plaintiff will have to travel over 200 miles regardless of whether the case is heard in Wichita or Kansas City, but this representation is somewhat misleading. True, plaintiff will have to travel over 200 miles either way, but it appears to the court that Smith Center, Kansas—plaintiff's address listed with the court—is about 217 miles

from the Wichita courthouse and about 263 miles from the Kansas City courthouse. While they both are over 200 miles away, Kansas City is a markedly longer drive.

The court recognizes that plaintiff did not originally choose Wichita as his forum, but this factor still weighs slightly in favor of plaintiff.

### B.  *Convenience and Accessibility of the Witnesses and Other Sources of Proof*

Defendant argues that this factor weighs in favor of transferring the case to Kansas City because defendant, defense counsel, and many of the witnesses are located in or around Kansas City. Defendant also cites a number of other cases in which plaintiff is already a party in Kansas City, arguing that plaintiff will already presumably be traveling to Kansas City for these matters. And defendant claims that witnesses who will be traveling from around the United States will have an easier time traveling to Kansas City than to Wichita. But plaintiff alleges that Brooke Capital Corporation's home office was in Phillipsburg, Kansas, that virtually all of its employees worked in the Phillipsburg office, and that this matter arose as a result of events occurring in the Phillipsburg office.

At this time, the court is not in a position to speculate about who the witnesses will eventually be at trial. The parties seem to have differing ideas about who will be "key witnesses." Defendant bears the burden of showing that a transfer is appropriate, however, and the court determines that defendant has not met its burden of showing that this factor weighs in favor of transfer.

### C.  *Fair Trial*

In support of this factor, defendant states only that the case has no connection to Wichita, and that the costs of trying the case will be much higher for defendant in Wichita, largely because of the travel required to participate in proceedings in Wichita. Plaintiff responds that he would have more

-3-

difficulty receiving a fair trial in Kansas City because defendant is well-known in the Kansas City community, and there have been negative press articles about plaintiff in Kansas City. While the court is confident that plaintiff could receive a fair trial in Kansas City, defendant has not shown that this factor weighs in favor of transfer.

### D. *All Other Factors*

In this case, the parties have not raised any other considerations of a practical nature that make a trial easy, expeditious, and economical. After weighing all the relevant factors, the court cannot find that the convenience of Kansas City outweighs any inconvenience of Wichita. Defendant has not met his burden of showing the "most compelling reasons" for transferring the case between cities in the same district, *Bauer*, 2004 WL 2580790, at *1, and an intra-district transfer is not warranted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue to the U.S. District Court for the District of Kansas in Kansas City, Kansas (Doc. 4) is denied.

Dated this 12th day of October 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**