IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA

| | | |
|---|---|---|
| ROBERT D. ORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:10-CV-01303-CM-JPO |
| | ) | |
| ALBERT A. RIEDERER, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED ORDER FOR THE PROTECTION AND EXCHANGE
OF CONFIDENTIAL INFORMATION**

Defendant Albert A. Riederer ("Defendant") and Plaintiff Robert D. Orr ("Plaintiff") hereby stipulate to the following protective order. A protective order is needed in this case due to the sensitive nature of documents involved. This case stems from the complex underlying litigation involving the appointment of Defendant Albert Riederer as Special Master of Brooke Corporation and its subsidiary corporations. As part of his claims, Plaintiff has requested punitive damages, which could lead to the discovery of personal tax records and personal financial statements.

After due consideration, **IT IS HEREBY ORDERED THAT:**

1. All documents produced by the parties in the above-referenced categories and designated as confidential by any party in the above-captioned action shall be used by the party receiving them only for the purposes of preparing for and conducting the litigation captioned *Orr v. Riederer,* Case No. 6:10-CV-01303-CM-JPO, presently pending in the United States District Court for the District of Kansas at Wichita.

2. "Confidential Documents" or "Confidential Information" as used herein means documents, discovery responses and portions of deposition transcripts that include any personal tax records or personal financial statements any party designates in good faith as confidential at the time of production of documents by means of listing of the production numbers appearing on such documents, at the election of the producing party, or, at the time of the giving of testimony, by means of a statement on the record thereof or by written notice within 10 days of the receipt of the deposition transcript.

3. Documents or material, including portions of deposition transcripts, designated as "Confidential" or information derived therefrom may only be disclosed or made available, on a need-to-know basis, by the party receiving such information to "Qualified Persons," who are defined to consist of:

    (a) The Court;

    (b) Outside counsel to the parties in the litigation and clerical, secretarial and paralegal staff employed by such counsel;

    (c) Court reporters;

    (d) The named parties in the litigation, their counsel, their counsel's legal and clerical assistants and staff;

    (e) Non-retained and retained experts; and

    (f) Any other person the parties agree to in writing.

Prior to seeing or receiving Confidential Documents or Confidential Information, persons identified in paragraphs 3(c), and 3(f) will execute an undertaking in the form of Exhibit "A" hereto, which certificate will be retained by counsel.

4. Notwithstanding any other provision of this Order, no party to the case may disclose or make available any document, discovery response or testimony that has been designated as "Confidential" by any party, or any information contained therein or derived therefrom, without the prior written consent of the producing party, to any person other than Qualified Persons described in subparagraphs 3(a), 3(b), 3(c), 3(d), 3(e), and 3(f).

5. Any party wishing to file Confidential Documents or Confidential Information (including confidential portions of documents or transcripts) under seal, to be used in connection with any motion, hearing or trial in this case shall file a Motion with the Court to file such documents under seal. The party seeking to file a document under seal in this court must follow the procedures set forth in D. Kan. Rule 5.4.6.

6. Each Qualified Person to whom Confidential Information is disclosed pursuant to this Order shall be advised that the Confidential Information is being disclosed pursuant to, and subject to the terms of, an Order of the Court and that the sanctions for any violation of the Order shall include the recovery of reasonable costs and attorneys fees to the aggrieved party and any other penalties imposed by the Court.

7. This Order may be modified by the Court upon application thereto of any party.

**IT IS SO ORDERED.**

Dated November 1, 2010, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

Approved and Agreed to by:

        MORROW WILLNAUER KLOSTERMAN CHURCH, L.L.C.

        By       s/James C. Morrow
           JAMES C. MORROW, #13509
           ABAGAIL L. PIERPOINT, #23835
        Executive Hills East, Building A
        10401 Holmes, Suite 300
        Kansas City, Missouri 64131-3405
        Telephone:   (816) 382-1382
        Fax:           (816) 382-1383
        Email:        jmorrow@mwklaw.com
                       apierpoint@mwklaw.com

        ATTORNEYS FOR DEFENDANT

        By       s/Robert D. Orr

        Robert D. Orr
        14062 150 Road
        Smith Center, Kansas 66967

        PLAINTIFF PRO SE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# AT WICHITA

| | | |
|---|---|---|
| ROBERT D. ORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:10-CV-01303-CM-JPO |
| | ) | |
| ALBERT A. RIEDERER, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT TO BE BOUND BY PROTECTIVE ORDER

COMES NOW, the undersigned, and hereby states that I have read the provisions of the Stipulated Protective Order entered by the Honorable James P. O'Hara in the above-styled action, understand the terms thereof, and agree to be bound thereby.

_____ _____
DATE                                                NAME

**EXHIBIT A**