# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT D. ORR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-1303-CM |
| **ALBERT A. RIEDERER,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Robert D. Orr brought this action *pro se* against defendant Albert A. Riederer.[1] Plaintiff was, at one time, a shareholder and officer of Brooke Capital Corporation ("Brooke"). Brooke was a public corporation that franchised insurance agencies. In 2008, Brooke encountered financial difficulties, and creditors began suing Brooke and its affiliated companies. In conjunction with the resulting litigation, Brooke, its affiliates, and plaintiff agreed to appointment of defendant as Special Master. As Special Master, defendant was charged with managing, controlling, operating, and maintaining Brooke's operations and finances.

After Brooke subsequently collapsed, plaintiff filed the instant lawsuit. Plaintiff claims that defendant exceeded the scope of his duties as Special Master, leading to the downfall of Brooke and a significant loss of money to plaintiff. The only remaining counts are claims for tortious interference with contract and tortious interference with prospective business advantage. The case is now before the court on three motions: Defendant's Motion for Reconsideration of the Court's Order Regarding Transfer of Venue (Doc. 111); Plaintiff's Motion for Summary Judgment (Doc. 112); and

---

[1] After the parties completed briefing on the instant motions, counsel entered an appearance on behalf of plaintiff. Counsel has not, however, asked to modify or supplement the briefs.

Defendant Albert Riederer's Motion for Summary Judgment (Doc. 114). For the following reasons, the court grants defendant's motion for summary judgment and denies the other two motions as moot.

## I.  FACTUAL BACKGROUND

The parties proposed many uncontroverted facts. In the end, however, this case boils down to one issue: malice. If plaintiff has sufficient evidence of malice to survive summary judgment, then many more of the proposed facts are relevant. But if plaintiff does not, then only a few facts are relevant to the court's analysis. The court therefore addresses the few relevant facts below, within the discussion of plaintiff's claims.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.  DISCUSSION

Although the parties make a number of arguments why each of them is entitled to summary judgment, there is one question that the court considers before reaching the others: Does plaintiff have sufficient evidence that defendant acted with malice? Both of plaintiff's remaining claims—tortious interference with contract and tortious interference with a prospective business advantage—require a showing of malicious conduct.

To establish either tortious interference with contract or prospective business advantage,

plaintiff must present evidence that shows:

> (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate cause of defendant's misconduct. Both [torts] are predicated on malicious conduct by the defendant.

*Turner v. Halliburton Co.*, 722 P.2d 1106, 1115 (Kan. 1986); *Pepsi–Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo., Inc.*, 431 F.3d 1241, 1262–63 (10th Cir. 2005) (applying Kansas law); *see also Dickens v. Snodgrass, Dunlap & Co.*, 872 P.2d 252, 257 (Kan. 1994); *L&M Enter., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1288 (10th Cir. 2000) (analyzing Kansas law); Kan. Pattern Jury Instructions 4th § 124.91, 124.92. While "malice" is not listed as a fundamental element of either tort, the Kansas Supreme Court has repeatedly emphasized that malicious conduct is required to prevail on a claim for tortious interference. A showing of malicious conduct is one that a party "acted in a state of mind characterized by an intent to do a harmful act without reasonable justification or excuse." *Linden Place, LLC v. Stanley Bank*, 167 P.3d 371, 380 (Kan. Ct. App. 2007).

Plaintiff's primary argument why summary judgment should not be granted on this issue is that he is not required to prove maliciousness. In support, he cites an unpublished opinion by Judge Lungstrum, *Mediware Info. Sys., Inc. v. McKesson Info. Solutions, LLC*, No. 06-2391-JWL, 2007 WL 926142 (D. Kan. Mar. 26, 2007). *Mediware* was before the court on a motion to dismiss. The defendant argued that the plaintiff had not adequately alleged malice. Judge Lungstrum held:

> The concept of legal malice and justification is evident from the "absence of justification" requirement of a tortious interference with contract claim and the "intentional misconduct" requirement of a tortious interference with business expectancy claim. Accordingly, because Mediware has alleged each of these requirements, the court deems that sufficient to survive McKesson's motion to dismiss.

-3-

*Mediware*, 2007 WL 926142, at *4.

The court rejects plaintiff's application of *Mediware* for a few reasons. First, *Mediware* was in a different procedural posture than the instant case. Second, Judge Lungstrum did not overtly reject the requirement that a party show malice—he merely explained the interplay between malice and the explicitly-enumerated elements of absence of justification and intentional misconduct. In fact, the Kansas Court of Appeals has since cited *Mediware* for the proposition that a plaintiff must have "some evidence that [the defendant] acted with malice—sometimes phrased as acting without privilege or justification—when [committing the complained-of act]." *M West, Inc. v. Oak Park Mall, L.L.C.*, 234 P.3d 833, 852 (Kan. Ct. App. 2010).

Although plaintiff maintains that a showing of malice is unnecessary, he does point to evidence that he claims shows malice. Specifically, plaintiff claims that he heard that defendant said that plaintiff was spending other people's money. Plaintiff did not, however, know who made the comment. He also complains that defendant never responded as Special Master to anything that plaintiff wrote to him. And plaintiff believes that defendant had a bias against Brooke and in favor of the Bank of New York and the securitization investors. Finally, plaintiff relies on an email purportedly written by Carl Baranowski to plaintiff that said, "This account info needs to be provided ASAP. I'm sitting here with [defendant], and he said that he would do his best to put you both in jail on Monday if he doesn't have the account info this weekend." Plaintiff represents in his response brief that he will produce additional evidence to demonstrate defendant's maliciousness, but he has not done so in conjunction with summary judgment briefing.

Plaintiff's evidence is insufficient to create a genuine issue of material fact as to whether defendant acted with malice. Both comments that plaintiff cites are inadmissible hearsay and, in any event, they do not suggest malice on defendant's part. Plaintiff's speculation about defendant's bias

is also unsupported and insufficient to establish a genuine issue for trial. And defendant's failure to respond to plaintiff's writings is likewise not enough to show malicious conduct.

Additionally, the court notes that at least one time, defendant did respond to plaintiff's writings. In fact, elsewhere in his briefing, plaintiff claims that defendant's response shows that defendant's alleged misconduct was intentional. Defendant wrote plaintiff an email on October 5, 2008 that stated:

> Emails like yours are a clear attempt to interfere with the Consent Order issued by Judge Lungstrum. If you continue to issue emails like this, and if you continue to interfere with the Consent Order, I will ask the Judge to hold you in contempt of court. If you do not understand the consequences of that, please ask your lawyer.

(Doc. 1-1 at 61.) This email, however, does not support plaintiff's position. Instead, it evidences defendant's belief that he was acting within the Consent Order and his willingness to go to the court to show that plaintiff himself—and not defendant—was violating the order. In other words, the email tends to suggest that defendant was <u>not</u> intentionally engaging in misconduct or acting with malice.

Finally, plaintiff contends that defendant failed to report plaintiff's "Board Protests" (plaintiff's writings mentioned above) to the court on October 8, 2008. This "concealment," according to plaintiff, shows intentional misconduct. The court disagrees. Under the Consent Order, defendant was required to report to the court at least monthly concerning the operation and management of the entities. Defendant testified in deposition that he orally reported on the operations and finances of Brooke on October 8. While defendant did not recall informing the court of plaintiff's recent complaints, he was not required to do so on October 8 under the Consent Order. Instead, the Consent Order merely required defendant to "investigate the claims and other matters raised by the parties to this action" and report his findings and conclusions (without a timetable for doing so). Assuming that defendant did not inform the court of plaintiff's complaints on October 8,

his silence, standing alone, is insufficient to create a genuine issue of material fact as to whether defendant intentionally interfered with plaintiff's contract(s) or prospective business advantage. Nor is it sufficient to suggest that defendant acted with malice.

The court understands that issues of motive and malice are typically for the jury. *See Burcham v. Unison Bancorp, Inc.*, 77 P.3d 130, 152 (Kan. 2003) (citation omitted). But here, based on the evidence presented, a reasonable jury could not find that defendant acted maliciously. And the court cannot send this case to trial on plaintiff's promise to produce additional evidence at a later time. Once defendant shows that there is no genuine issue of material fact, plaintiff must in turn produce evidence from which a reasonable jury could find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).

Because plaintiff does not have evidence that defendant acted with malicious intent, his claims must fail. The court need not address any of the other arguments raised by the parties.

**IT IS THEREFORE ORDERED** that Defendant Albert Riederer's Motion for Summary Judgment (Doc. 114) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration of the Court's Order Regarding Transfer of Venue (Doc. 111) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 112) is denied as moot.

The case is closed.

Dated this 3rd day of July 2012, at Kansas City, Kansas.

                                                  **s/ Carlos Murguia**
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**